UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

THOMAS EDWARD KOTEWA    ]
    Plaintiff,      ]
                    ]   No.  1 10-0016
v.                      ]   (No. 1:10-mc-0002)
                    ]   Judge Trauger
CHERRY LINDAMOOD, et al.]
    Defendants.     ]

MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center (SCCC) in Clifton, Tennessee. He brings this action against Cherry Lindamood, Warden at SCCC, and three members of the SCCC staff, seeking a preliminary injunction.

In December, 2009, the plaintiff filed a petition for habeas corpus relief while confined at the Hardeman County Correctional Complex.[1] Little more than a month later, the plaintiff was transferred to his present place of confinement.

Upon his arrival at SCCC, the plaintiff turned a floppy disk over to prison authorities containing information about his legal activities. The plaintiff asked that the information on the disk be

---

[1] The plaintiff identified this case as a federal habeas corpus action styled Thomas Kotewa v. Joseph Easterling, Civil Action No. 3:10-0006. Such a case, however, does not exist in this judicial district.

1

printed out for him so that he could use the information to pursue his claims. Apparently, members of the SCCC staff have refused to print out this information. The plaintiff claims that the refusal has interfered with his right of access to the courts. He further claims that this right has been infringed because the defendants will not allow him additional time in the prison law library.

The grant or denial of a preliminary injunction is a matter within the sound discretion of the district court. <u>Virginia Railway Co. v. System Federation, R.E.O.</u>, 300 U.S. 515, 551 (1937). The factors to be considered when determining whether to grant preliminary injunctive relief are : (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits, (2) whether the plaintiff has shown irreparable injury, (3) whether the issuance of a preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuing a preliminary injunction. <u>Parker v. U.S. Department of Agriculture</u>, 879 F.2d 1362, 1367 (6th Cir. 1989); <u>Frisch's Restaurant, Inc. v. Shoney's, Inc.</u>, 759 F.2d 1261, 1263 (6th Cir. 1985). A primary purpose of a preliminary injunction is to maintain the *status quo* during the pendency of a dispute. <u>Blaylock v. Checker Oil Co.</u>, 547 F.2d 962, 965 (6th Cir. 1976).

A prisoner has a First Amendment right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821-823 (1977). To insure

the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396, 419 (1974).

It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, supra at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the plaintiff has failed to show that the defendants' conduct has in any way prejudiced the filing or prosecution of a legal matter. Thus, none of the factors to be considered for the issuance of injunctive relief weigh in the plaintiff's favor.

The plaintiff's likelihood of success on the merits is no greater than the defendants' at this point. Further, the issuance of a preliminary injunction would not appear to serve the public interest. Finally, the issuance of a preliminary injunction would cause substantial harm to the prison officials involved by essentially overriding the rules and regulations of the prison in favor of an inmate prior to a finding of a constitutional or statutory violation and would grant the plaintiff a privilege that

3

he might not otherwise have. Such an act would not only embroil the Court in the day-to-day management of SCCC but could also negatively impact the important policies of comity and federalism. *See* Dean v. Coughlin, 804 F.2d 207, 213 (2nd Cir. 1986).[2]

In the absence of factual allegations suggesting that the plaintiff has been denied his right of access to the courts, the plaintiff has failed to state a claim upon which relief can be granted. The Court, therefore is obliged to deny the plaintiff's Motion for Preliminary Injunction and dismiss this action. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[2] It should also be noted that the provisions of 18 U.S.C. § 3626(a)(2) specifically require the Court to give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the issuance of a preliminary injunction with respect to a civil action relating to prison conditions.

4